UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. HUMMER, et al.,

    Plaintiffs,

v.                                CASE NO.  8:13-CV-1981-T-17AEP

ADAMS HOMES OF NORTHWEST
FLORIDA, INC., et al.,

    Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 13   Motion to Remand
Dkt. 18   Response
Dkt. 19   Notice - Exhibit

On 7/31/2013, this case was removed pursuant to 28 U.S.C. Sec. 1441 and 28 U.S.C. Sec. 1367.  Plaintiffs have moved to remand.

Defendants oppose the remand of this case.

I.  Standard of Review

Removal jurisdiction only exists if the district court could have exercised original jurisdiction over the action. 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id. This strict construction of removal statutes also prevents "exposing the

Case No. 8:13-CV-1981-T-17AEP

plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Am. Tobacco Co., 168 F.3d at 411.

      A party removing a case from state to federal court has the burden of proving that federal jurisdiction exists. Rolling Greens MHP, LLC v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1318 (11th Cir. 2001)). That party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir.2002) (per curiam). Removal may be based on an initial pleading, an amended pleading, motion, order or other paper. Lowery v. Ala. Power Co., 483 F.3d 1185 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)). If removal is based on a document other than the plaintiff's initial pleading, that document must have been supplied by the plaintiff. Id. at 1215 n. 63.

II. Discussion

      This case was removed on the basis of diversity jurisdiction. Defendant L&W Supply Corporation d/b/a Seacoast Supply is a Delaware corporation, with its principal place of business in Chicago, Illinois. The other defendants have consented to removal.

      This case was also removed on the basis of supplemental jurisdiction. At the time of removal, another case involving identical claims against USG Corporation ,

Case No. 8:13-CV-1981-T-17AEP

Case No. 8:13-CV-1868-T-23AEP, was pending.  That case was removed from Sarasota County Circuit Court.  Defendant L&W is a wholly owned subsidiary of USG Corporation.

The Court notes that the related case was later dismissed.  The dismissal does not necessarily require that the Court decline to exercise jurisdiction over this case. See Bayshore Ford Trucks Sales, Inc. v. Ford Motor Company, 299 Fed. Appx. 943, 944 (11th Cir. 2008).

Plaintiffs request that the Court decline to exercise jurisdiction over this case.  Plaintiffs assert that it would be a violation of the Fourteenth Amendment under equal protection for this case to proceed in this Court.   Plaintiffs further request remand on the basis that Plaintiff Charles Hummer is a 100% disabled veteran, and is sick from exposure to drywall.  Plaintiffs argue that Plaintiffs are proceeding pro se, it would be a hardship for Plaintiffs to travel to Tampa for court appearances, and Plaintiffs are disadvantaged by the fact that Defendants may file electronically, but Plaintiffs must either mail their filings, or drive to Tampa to file them.  Plaintiffs also argue that Defendants' counsel deceived the Court.

Defendants respond that Plaintiffs' Motion for Remand is untimely, as a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal.  In this case, the Notice of Removal was filed on 7/31/2013, and the Motion for Remand was filed on 9/4/2013.  Defendants also respond that Plaintiffs have not asserted any valid basis to remand this case.

After consideration, the Court denies the Motion to Remand; Plaintiffs' Motion for Remand was not filed within thirty days after the Notice of Removal was filed and is therefore untimely.  Plaintiffs have not asserted any valid basis sufficient for the Court

Case No. 8:13-CV-1981-T-17AEP

to decline to exercise jurisdiction. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Remand (Dkt. 13) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 6th day of March, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record