UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. HUMMER, et al.

      Plaintiffs,

v.                        CASE NO.  8:13-CV-1981-T-17AEP

ADAMS HOMES OF NORTHWEST
FLORIDA, INC., et al.,

      Defendants.

_____/

ORDER

    This cause is before the Court on:

    Dkt. 7    Motion to Dismiss (Adams Homes)
    Dkt. 8    Motion to Dismiss (L&W Supply Corporation)
    Dkt. 9    Motion to Dismiss (Nu Way Drywall, LLC)
    Dkt. 16  Response
    Dkt. 17  Response

    In the Complaint, Plaintiffs Charles A. Hummer and Yuliya Nemanis-Hummer assert the following Counts: 1) Negligence; 2) Breach of Implied Warranty of Habitability; 3) Breach of Implied Warranty of Fitness; 4) Strict Product Liability; 5) Violation of Florida Deceptive and Unfair Practices Act.

    Defendant Adams Homes of Northwest Florida, Inc. constructed the home located at 2617 Jaylene Road, North Port, Florida, 34288.  Defendant L&W Supply Corporation d/b/a Seacoast Supply supplied the drywall, and Defendant Nu Way Drywall, LLC installed the drywall in the home.  Defendants have moved to dismiss the Complaint.

Case No. 8:13-CV-1981-T-17AEP

I.  Standard of Review

A.  Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," <u>Id.</u>, at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u>, at 556.  Two working principles underlie <u>Twombly</u>.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. <u>Id.</u>, at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. <u>Id.</u>, at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1955-1956 (2009)(quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007).

B.  Consideration of Documents Attached to the Complaint or Incorporated

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).  The Court may consider

Case No. 8:13-CV-1981-T-17AEP

documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment.   Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

C.  Pro Se Litigants

    Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam).   Although the pleadings of a pro se party are liberally construed, pro se litigants are required to comply with procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)

    The Court notifies Plaintiffs that Plaintiffs are required to comply with the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida.  The Local Rules are on the Court's website.

    One pro se party cannot represent another pro se party.  The Court notifies Plaintiffs that both Plaintiffs must sign any pleading or other paper that is to be deemed filed on behalf of both Plaintiffs.  **This requirement is not optional**.

II.  Discussion

    The home located at 2617 Jaylene Road, North Port, Florida, 34288 was constructed in 2006.  Plaintiffs Charles A. Hummer and Yuliya Nemanis-Hummer purchased the home on July 19,  2007.    Plaintiffs filed suit in Sarasota County Circuit

Case No. 8:13-CV-1981-T-17AEP

Court on July 8, 2013.

A.   Preliminary Issues

1.  MDL 2047

The document which Plaintiffs attached to Plaintiffs' Response indicates that this case involves claims arising from faulty Chinese Drywall installed in Plaintiffs' home. MDL 2047 in the Eastern District of Louisiana centralizes all product liability claims related to Chinese Drywall.  Plaintiffs shall show cause why this case should not be transferred to MDL 2047.  The allegations in the document as to the presence of Chinese Drywall control over the Plaintiffs' allegation of defective American Drywall in Plaintiffs' Complaint.

2.  Shotgun Complaint

Plaintiffs incorporate all previous allegations into each successive count of the Complaint.  This is a multi-claim, multi-defendant case.  It is not possible to determine which specific factual allegations support each claim.   The Complaint is a "shotgun" complaint.  This alone  justifies the dismissal of this Complaint, with leave to file an amended complaint.  See Davis v. Coca Cola Bottling Co. Consol., 516 F.3d 955, 979-983 (11th Cir. 2008).  Therefore, the Court directs Plaintiffs to comply with Fed. R. Civ. P. 8 and 10(b), in the event Plaintiffs file an amended complaint.  Plaintiffs shall specify which factual allegations support each separate claim, rather than lumping all factual allegations and all claims together.

Case No. 8:13-CV-1981-T-17AEP


A.  Count I    Negligence
                All Defendants

1.  Insufficient Allegations


All Defendants have moved to dismiss Count I for failure to state a claim. Defendants argue that Plaintiffs have not identified the specific duty/duties that each Defendant allegedly owed to Plaintiffs, have therefore not demonstrated that each Defendant was the proximate cause of Plaintiffs' injuries/damages, or shown any reasonably close causal connection between the alleged conduct and the resulting injury.


In the Response, Plaintiffs argue that Defendant Adams Homes, L & W Supply, and Nu Way Drywall, LLC  knew in 2006 that there was defective drywall, and withheld this fact from the public and the homeowners.  Plaintiffs further argue that Defendants have settled cases and remediated homes which involve the same claims Plaintiffs assert.


2.  Statute of Limitations


Defendants argue that Plaintiffs' claim for negligence is barred by the statute of limitations.  The statute of limitations for negligence is four years.  Sec. 95.11, Florida Statutes.  Plaintiffs allege that they purchased the home on July 19, 2007; this case was commenced on July 8, 2013.


Plaintiffs assert the statute of limitations was equitably tolled.  Under certain circumstances, equitable tolling permits the filing of a lawsuit that would otherwise be barred.  Machules v. Department of Admin., 523 So.2d 1132, 1133 (Fla. 1988). "Equitable   tolling is a type of equitable modification which 'focuses on the plaintiff's

Case No. 8:13-CV-1981-T-17AEP

excusable ignorance of the limitation period and on [the] lack of prejudice to the defendant.'" Id. at 1134.   Equitable tolling "has been applied when the plaintiff has been mislead or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." Id.

Plaintiffs assert that the statute of limitations was equitably tolled due to "Defendants' concealment of the defective nature of the drywall," and that Defendants actively concealed from Plaintiffs the true risks associated with the drywall.  Defendants argue that Plaintiffs do not state with particularity how each Defendant participated in any "active concealment" that mislead Plaintiffs or lulled them into inaction, such that equitable tolling would be appropriate.

Plaintiffs respond that Plaintiffs had problems with the home and dealt with the builder, but no mention of any drywall came up until July, 2009.  Plaintiffs state that Plaintiffs filed a claim with their home insurance company about the drywall, St. John's Insurance Company, on July 16, 2009.  Plaintiffs further respond that  Plaintiffs had no knowledge of the drywall until they received the report from St. John's Insurance Company dated August 6, 2009.  (Dkt. 17-1).   Plaintiffs filed this case within four years from the time the first discovery of defective drywall was reported to the St. John's Insurance Company.  The Court notes that, according to Exhibit 1 (Dkt. 17-1), the premises were inspected on July 22, 2009.  The letter states: "Ms. Parker's inspection of your risk revealed the cause of your loss is resulting from faulty materials known as Chinese Drywall.  This drywall is releasing pollutants and causing damage to your home and personal property."

Plaintiffs became aware of the connection between the presence of defective drywall and Plaintiffs' alleged injuries/damages on August 6, 2009.   Plaintiffs have not alleged what Defendants did or what representations Defendants made which lulled Plaintiffs into inaction.  Plaintiffs could have filed suit within four years from the date

Case No. 8:13-CV-1981-T-17AEP

Plaintiffs purchased the home, July 19, 2007.   Equitable tolling is not appropriate where the causal connection between nonconforming conduct and Plaintiffs' injuries/damages was made known to Plaintiffs well within the statute of limitations.  Unless Plaintiffs include additional allegations as to what each Defendant said or did which prevented Plaintiffs from acting on Plaintiffs' knowledge of the defective drywall, equitable tolling will not prevent the dismissal of Plaintiffs' claim.

Plaintiffs have not included sufficient allegations which identify the duty of each Defendant to Plaintiffs, which identify how each Defendant did not fulfill that duty, and the injury or damage proximately caused to Plaintiffs by each Defendant's failure to fulfill a duty required by law.  Plaintiffs have not included sufficient allegations that render the application of equitable tolling appropriate.  Accordingly, Defendants' Motions to Dismiss are **granted**, with leave to file an amended complaint within fourteen days.

B.  Count II    Breach of Implied Warranty of Habitability
As to Defendant Adams Homes of Northwest Florida, Inc.

Defendant Adams argues that Plaintiffs have not stated a cause of action for implied warranty of habitability, and Count II should be dismissed.  Defendant Adams argues Plaintiffs have not alleged that the property does not meet the ordinary, normal standards reasonably to be expected of living quarters of comparable kind, and has not alleged facts to support the conclusory allegation that the dwelling is "uninhabitable."

The test for a breach of implied warranty is whether the premises meet ordinary, normal standards reasonably to be expected of living quarters of comparable kind and quality.  Putnam v. Roudebush, 352 So.2d 908 (Fla. 2d DCA 1977).  The Second District Court of Appeal further held "there is an implied warranty of habitability in the package sale of a new house and lot by a builder-vendor to an original purchaser.....The implied warranty extends only to conditions in existence at the time of sale, as it would

7

Case No. 8:13-CV-1981-T-17AEP

be unfair to hold a builder-vendor liable for defects caused by conditions occurring subsequent to sale, e.g., natural catastrophes, such as earth tremors and sink holes."

Plaintiffs respond that Defendant Adams was responsible for insuring that safe, clean products were installed, and the house did not meet the standards for normal, ordinary or reasonably expected living quarters.

Plaintiffs have alleged that the drywall installed in the home was defective, and has caused personal injuries and property damage.   Specifically, Plaintiffs alleged that the drywall caused physical injuries to Plaintiffs, and has damaged the home structure and mechanical systems, including copper piping, refrigerator coils, air conditioning coils, and electrical wiring throughout the house.  Plaintiffs further allege that personal property, such as electronics, clothing, appliances, and furniture are destroyed from gases emanating from the contaminated drywall.

Plaintiffs must include some factual allegations that show that the home did not meet ordinary, normal standards reasonably to be expected of living quarters of comparable kind and quality, and which support the allegation that the home was "uninhabitable" at the time of the sale of Plaintiffs.  The drywall was installed and part of the real property at the time of the sale, but the injuries/damages occurred over a subsequent period of time.   After consideration, Defendant Adams' Motion to Dismiss is **granted**, with leave to file an amended complaint within fourteen days.

C.  Count III   Breach of Implied Warranty of Fitness

Defendants move to dismiss on the basis that claims for implied warranty in tort have been abolished under Florida law, where the remedy of strict liability is appropriate.  Defendants also argue that Plaintiffs have not alleged privity.  Defendants further argue that Plaintiffs' claims is barred by the four year statute of limitations, and

8

Case No. 8:13-CV-1981-T-17AEP

Plaintiffs' allegations of equitable tolling do not prevent dismissal on that basis.

Plaintiffs respond that Defendants knew at the time of sale and installation of the drywall that the drywall was unsafe but continued to sell and install the drywall without regard to safety, violating their responsibility to everyone further down the supply chain.

To state a claim for breach of warranty, a plaintiff must allege:

1) facts in respect to sale of the product or other circumstances giving rise to warranty, express or implied, identifying the type of warranties accompanying the pertinent transactions involved;

2) reliance upon the representations by the seller or skill and judgment of the seller where the action is based upon express warranty or warranty of fitness for a particular purpose;

3) circumstances of the injury as caused by the breach of warranty;

4) notice of breach of warranty;

5) injuries sustained and damages.

Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100, 104 (Fla. 4th DCA 1969).

The Court has found that equitable tolling does not apply, as Plaintiffs became aware of the causal connection between the drywall and Plaintiffs' alleged injuries/damages August, 2009, well within the four year statute of limitations.  Plaintiffs included no allegations as to what each Defendant did or said which lulled Plaintiffs into inaction and prevented Plaintiffs from filing suit within the four year statute of limitations.

Plaintiffs have not included any allegations of privity.  While a claim for breach of implied warranty of fitness is abolished where the remedy of strict liability is appropriate, the Court believes that the determination should be made on a motion for summary

Case No. 8:13-CV-1981-T-17AEP

judgment rather than a motion to dismiss.   Plaintiffs have not included sufficient allegations that would permit the Court to apply equitable tolling.  After consideration, the Court **grants** Defendants' Motions to Dismiss in part as to this issue, with leave to file an amended complaint within fourteen days.

D.  Count IV  Strict Liability

Defendants moved to dismiss for failure to state a cause of action for strict liability.  Defendants argue that Plaintiffs have not alleged that the drywall was defective and unreasonably dangerous, that the product was placed on the market know it would be used without inspection for defects, and that the product was defective and unreasonably dangerous when it left the custody or control of Defendants.  Defendants further argue that Plaintiffs' claim for strict liability is barred by the four year statute of limitations, and equitable tolling does not save Plaintiffs' claim from dismissal.

Plaintiffs respond that Defendants Adams Homes and Nu Way Drywall, LLC covered up the fact that the drywall installed in Plaintiffs' home was defective.  Plaintiffs argue that Defendants knew of the product defect in 2006, but did not notify the public or any homeowner of this knowledge.

To state a claim for strict liability, a plaintiff must allege: 1) Defendant's relationship to the product in question; 2) the defect and unreasonably dangerous condition of the product; and 3) the existence of a causal connection between the dangerous condition and the user's injuries or damage.   West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976).

The Court has found that Plaintiffs became aware of the causal connection between the defective drywall and Plaintiffs' alleged injuries/damages in August, 2009. Plaintiffs have not included any allegations which show what each Defendant said or did

10

Case No. 8:13-CV-1981-T-17AEP

which lulled Plaintiffs into inaction, and prevented Plaintiffs from filing suit within the statute of limitations.

Plaintiffs have not included sufficient allegations to state a claim for strict liability, or to show that equitable tolling is appropriate.  After consideration, the Court **grants** Defendants' Motions to Dismiss, with leave to file an amended complaint within fourteen days.

E.  Count V    Violation of the Florida Deceptive and Unfair Trade Practices Act

Defendants move to dismiss for failure to state a cause of action for FDUTPA. A "consumer claim for damages under FDUTPA has three elements: 1).  a deceptive act or unfair practice; 2) causation; and 3) actual damages."  Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. 2d DCA 2006).  Defendants also move to dismiss because a pleading that contains allegations of fraud is subject to a heightened pleading standard. Plaintiffs have alleged that Defendants misrepresented and concealed material facts, but have not alleged what material facts were misrepresented or concealed, or how such misrepresentations and concealment took place.

In order to meet the heightened standard for fraud under Fed. R. Civ. P. Rule 9(b), as to each Defendant, Plaintiffs must allege:

> (1) [P]recisely what statements were made in what documents or oral representations or what omissions were made, and

> (2) [T]he time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, and

> (3) [T]he content of such statements and the manner in which they misled the plaintiff, and

Case No. 8:13-CV-1981-T-17AEP

(4) [W]hat the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1171 (11th Cir. 1997).


Plaintiffs allege generally that Defendants concealed their knowledge of the defective drywall.  After consideration, the Court **grants** Defendants' Motions to Dismiss with leave to file an amended complaint within fourteen days.  The amended complaint shall include discrete factual allegations as to each separate Defendant; the allegations shall specifically allege what material facts were misrepresented or concealed and how such misrepresentation and concealment took place.  Accordingly, it is


**ORDERED** as follows:


1) Defendant L&W's Motion to Dismiss (Counts I, III, IV, V) is **granted**, with leave to file an amended complaint within fourteen days;


2.  Defendant Adams Homes' Motion to Dismiss (Counts I, II, III, IV, V)is **granted**, with leave to file an amended complaint within fourteen days;


3.  Defendant Nu Way Drywall's Motion to Dismiss (Counts I, III, IV, V) is **granted**, with leave to file an amended complaint within fourteen days.  It is further


**ORDERED** that Plaintiffs shall show cause within fourteen days why this case should not be transferred to MDL 2407.  It is further


**ORDERED** that Plaintiffs are directed to comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.

Case No. 8:13-CV-1981-T-17AEP

      **DONE and ORDERED** in Chambers, in Tampa, Florida on this

6th day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record